**472**

extent to which the holding rests on a virtual abdication of its role by the actual insurer, which the majority clearly implies was the case here. Furthermore, although the majority does not discuss or assign any particular weight to the implications of governmental immunity in this case, it makes clear that in "the typical case" an insured is adequately protected by the non-delegable duty of his insurer. Maj. op. at 466. Unless the unavailability or inadequacy of recovery from the insurer is a consideration, however, it remains unclear to me why the insured is not adequately protected by the well-accepted principles of agency law.

I would be considerably more reticent than the majority about judicially creating duties and liabilities, not heretofore recognized at law, especially when they conflict with other policy choices of the legislature and seem to rest so heavily on the equities of individual cases. Because I disagree with both the majority's rationale and its judgment, I respectfully dissent.

I am authorized to state that Justice KOURLIS joins in this dissent.

Ken Salazar, Attorney General, Wendy J. Ritz Assistant Attorney General, Denver, Colorado, for Petitioner.

David S. Kaplan, Colorado State Public Defender, Lisa Weisz, Deputy State Public Defender, Denver, Colorado, for Respondent.

Justice Kourlis, Justice Rice and Justice Coats are of the opinion that the judgment of the Court of Appeals should be affirmed, whereas Chief Justice Mullarkey, Justice Hobbs and Justice Martinez are of the opinion that it should be reversed.

Since the court is equally divided, the decision of the Court of Appeals is affirmed by operation of law. *C.A.R. 35(e)*.

Justice BENDER, does not participate.

■

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Zid PERRY, Defendant–Appellant.**

**No. 98CA2122.**

Colorado Court of Appeals,
Div. I.

Feb. 14, 2002.

Rehearing Denied Sept. 19, 2002.

Certiorari Denied April 28, 2003.

■

**Brian Dean WALTON, Petitioner.**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 02SC60.**

Supreme Court of Colorado,
En Banc.

April 28, 2003.

