2006 OK CR 43

**Jose De Jesus Garcia JIMINEZ, Petitioner,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–2005–520.

Court of Criminal Appeals of Oklahoma.

Oct. 3, 2006.

Cynthia Tedder Viol, Assistant Public Defender, Oklahoma City, OK, attorneys for defendant at trial.

Steve Deutsch, Aaron Etherington, Assistant District Attorneys, Oklahoma City, OK, attorneys for the State at trial.

Andrea Digiglio Miller, Assistant Public Defender, Oklahoma City, OK, attorney for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Diane L. Slayton, Assistant Attorney General, Oklahoma City, OK, attorneys for the State on appeal.

## OPINION

LEWIS, Judge.

¶ 1 Jose de Jesus Garcia Jiminez, Appellant, was tried by jury and found guilty in the District Court of Oklahoma County, Case No. CF–2003–1187, of Count 1, burglary in the second degree, in violation of 21 O.S. 2001, § 1435; Count 2, possession of burglar's implements, in violation of 21 O.S.Supp.2003, § 1437; Count 3, possession of drug paraphernalia, in violation of 63 O.S. Supp.2002, § 2–405; and Count 4, possession of a false ID document card, in violation of 21 O.S.Supp.2003, § 1550.41(B)(3); after former conviction of a felony. The jury sentenced Appellant to twelve (12) years imprisonment on Count 1; one (1) year imprisonment on Count 2; one (1) year imprisonment and a $1,000.00 fine on Count 3; and a $31.25 fine on Count 4. The Honorable Patricia Parrish, District Judge, imposed judgment and sentence accordingly, ordering all terms served concurrently. Mr. Jiminez appeals.

¶ 2 Along with his appellate brief, Appellant filed a *Notice of Extra–Record Evidence Supporting Proposition I of the Brief of Appellant and, Alternatively, Rule 3.11 Motion to Supplement Direct Appeal Record or for An Evidentiary Hearing.* Appellant's Proposition I argues that trial counsel rendered ineffective representation when she failed to timely communicate to Appellant a plea bargain offer that was later withdrawn by the State. On direct appeal, counsel is strongly presumed to render effective representation in the trial court. Supplementation of the appellate record and/or remand for evidentiary hearing requires that Appellant's application and affidavits show by clear and convincing evidence a strong possibility that counsel rendered ineffective assistance under the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Rule 3.11(B)(3)(b)(i), 22 O.S.Supp.2005, Ch. 18, App.

¶ 3 This Court found that Appellant's submissions pursuant to Rule 3.11 contained assertions of fact that, if proven, strongly suggested trial counsel rendered objectively deficient representation under prevailing professional norms. The case was remanded to District Court for an evidentiary hearing and findings of fact. The District Court conducted the evidentiary hearing and filed findings of fact in compliance with the order. Appellant and the State of Oklahoma

have timely filed supplemental briefs as permitted by the order of remand. Appellant's application to supplement the record with the transcript of the evidentiary hearing is hereby **GRANTED**.

¶ 4 This case was originally scheduled for jury trial on April 25, 2005. The State encountered witness problems that required a continuance. Probably as a consequence of this difficulty, the State tendered a plea bargain offer to defense counsel. The State offered a recommendation of a five-year sentence on Count 1 in exchange for Appellant's guilty plea, to run concurrent with a sentence on a second felony charge in Case No. CF–2002–3516. The case was rescheduled for jury trial to commence on May 9, 2005. No specific date of expiration was attached to the offer. The evidentiary hearing testimony suggests that counsel must ordinarily notify the State of a defendant's acceptance of a plea bargain some time prior to the jury trial setting. Otherwise, the prosecutor considers the plea offer rejected and expects the case to be tried. Although there are exceptions, the prosecutor typically does not hold an offer "open" to be accepted by the defendant on the day set for trial. Defense counsel made no communication with the prosecutor indicating a plea bargain was likely, nor did she seek to have the offer held open until the day set for trial. Defense counsel also failed to inform Appellant of the plea bargain offer at any time during the two-week period between April 25 and May 9, 2005. She informed Appellant of the State's April 25, 2005 offer only after announcing ready for jury trial on May 9, 2005. When Appellant learned of the offer, he indicated his willingness to accept it. Counsel conveyed this to the prosecutor, but the State was ready for trial and declined to dispose of the case with a plea agreement.

¶ 5 Appellant's allegation of ineffective assistance must "overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance by showing (1) that trial counsel's performance was deficient; and (2) that he was prejudiced by the deficient performance." *Humphreys v. State*, 1997 OK CR 59, ¶ 40, 947 P.2d 565, 577–578. To meet the test of deficient performance established by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Appellant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687, 104 S.Ct. at 2064. The facts must demonstrate that counsel's representation fell below an "objective standard of reasonableness," as judged by "prevailing professional norms." 466 U.S. at 688, 104 S.Ct. at 2065–66.

¶ 6 The State is "never under any legal obligation to plea bargain with any defendant; for there is no constitutional right to plea bargaining." *Gray v. State*, 1982 OK CR 137, ¶ 8, 650 P.2d 880, 882, *citing Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). Despite this, plea-bargaining is "an essential component of the administration of justice." *Gray*, at ¶ 13–14, *citing Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Defendants daily rely on the advice and assistance of their retained or appointed counsel in negotiating dispositions of criminal charges without a jury trial. Counsel performs a variety of important functions in plea-bargaining, serving as legal and tactical advisor to the defendant and negotiator and intermediary between the defendant and the prosecuting attorney. Although we have no published case declaring this point of law, the right to effective counsel guaranteed by the Sixth and Fourteenth Amendments and Article 2, § 20 of the Oklahoma Constitution protects a criminal defendant from objectively deficient representation by defense counsel in connection with the plea bargaining process. *See Ex Parte Lemke*, 13 S.W.3d 791, 795–796 (Tex.Crim.App.2000).

¶ 7 Counsel's role in plea-bargaining involves observance of certain prevailing professional norms. Oklahoma's Rules of Professional Conduct (ORPC), 5 O.S.2001, Ch. 1, App. 3–A, express some relevant professional standards, emphasizing the client's authority in deciding whether to enter a plea and clarifying the lawyer's responsibilities in providing proper advice and assistance. Generally, ORPC 1.2 requires that a lawyer "shall abide by a client's decision whether to accept

an offer of settlement of a matter." In criminal cases specifically, the lawyer "shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify." Id. Because the lawyer cannot "abide" by a decision the client is never given the opportunity to make, the Oklahoma Rules of Professional Conduct suggest that competent representation under prevailing professional norms includes, at a bare minimum, *communicating with the client* concerning offers to settle a case. *See also, ABA Standards for Criminal Justice: Prosecution Function and Defense Function* § 4–6.2(b) (3d ed. 1993) ("Defense counsel should promptly communicate and explain to the accused all significant plea proposals made by the prosecutor").

¶ 8 A lawyer's communication and explanation of a plea bargain offer must be reasonably prompt under the circumstances. ORPC 1.3 requires that the lawyer "*act* with reasonable diligence and promptness in representing a client." (emphasis added). ORPC 1.4(a) adds that a lawyer shall also keep the client "*reasonably informed* about the status of a matter . . ." (emphasis added). The Comment to ORPC 1.3 anticipates the situation here when it states that "[p]erhaps no professional shortcoming is more widely resented than procrastination. A client's interests *often can be adversely affected by the passage of time or the change of conditions.*" (emphasis added). Though not dispositive of the constitutional question, these authorities are instructive guides to whether counsel's conduct was so deficient as to create a possible violation of the right to effective counsel.

¶ 9 Courts applying the *Strickland* test in other state and federal jurisdictions have consistently held that counsel's failure to meaningfully convey a plea offer to the defendant is inconsistent with prevailing professional norms. *Cf. United States v. Blaylock*, 20 F.3d 1458, 1465–1466 (9th Cir.1994) (citing cases); *see also, Barentine v. United States*, 728 F.Supp. 1241, 1251 (W.D.N.C. 1990), *aff'd*, 908 F.2d 968 (4th Cir.1990) (citing cases, and holding "federal courts have been unanimous in finding [defense counsel's failure to inform the defendant of a plea offer] constitutes a violation of the defen-

dant's Sixth Amendment constitutional right to effective assistance of counsel"); *Harris v. State*, 875 S.W.2d 662, 665 (Tenn.1994)(finding counsel's failure to communicate offer of five years imprisonment was deficient performance where defendant went to trial without knowledge of the offer and received thirty-five year sentence); *Turner v. State*, 49 S.W.3d 461, 464–465 (Tex.Ct.App.2001)(finding counsel ineffective for communicating plea offer but not communicating deadline, resulting in defendant's failure to accept offer before it was withdrawn); *People v. Perry*, 68 P.3d 472, 477 (Colo.App.2002), *cert. denied, Perry v. People*, 2003 WL 1958418 (Colo. Apr 28, 2003) (adopting same rule, and agreeing with finding of trial court that it is "indisputable that the failure of an attorney to convey a plea offer to client is a violation of the standard practice which an attorney should follow").

¶ 10 We also conclude that a lawyer's failure to promptly communicate a plea offer cannot be characterized as objectively reasonable representation under prevailing professional norms. Though the evidence is unclear when the State's April 25, 2005 offer expired, defense counsel allowed the full two weeks before the next jury trial setting to pass without informing her client of the State's five-year offer. For this relevant period of time, we are persuaded that defense counsel, at least in connection with her responsibilities concerning the State's plea bargain offer, was not acting as the "counsel" guaranteed to Appellant by the Sixth and Fourteenth Amendments and Article 2, § 20 of the Oklahoma Constitution.

¶ 11 There is no evidence to suggest that the State's unwillingness to settle the case on the day set for trial was motivated by anything other than the fact that the State was ready for trial and had already arranged for the travel of its witnesses to testify. "Ordinarily, the fact that a defendant is faced with the choice of going to trial or pleading guilty in open court without the benefit of a plea bargain does not entitle him to relief" of any kind. *Gray*, supra, ¶ 8. We therefore reject Appellant's suggestion that the State's refusal to consummate the plea agreement on the day set for trial somehow contributed to counsel's error or resulted in "state imposed" ineffectiveness.

¶ 12 In its original response to Appellant's claim, the State argued that the record establishes Appellant received effective assistance at trial. Assuming this is true, it is beside the point. A right to effective assistance of counsel in plea-bargaining logically implies that counsel's failure to convey a plea offer can prejudice a defendant even though he ultimately stands a fair and impartial trial. *Cf. State v. Garrison,* 40 S.W.3d 426, 431 (Tenn.2000)("... [T]he defendant may have received a fair trial, yet may have been prevented, by below-standard conduct of counsel, from avoiding trial altogether. Thus, a fair trial provides no remedy for counsel's pre-trial failures in this regard"); *People v. Gandiaga,* 70 P.3d 523, 527 (Colo. App., 2002). In its supplemental brief, the Attorney General candidly agrees that Appellant has shown counsel's failure to act with reasonable diligence under the circumstances, by promptly informing him of the status of the State's plea bargain offer, directly prevented him from accepting the offer to plead guilty before it was withdrawn. This objectively deficient representation satisfies the first prong of *Strickland,* even if counsel effectively represented Appellant at trial.

¶ 13 Appellant can establish *Strickland* prejudice in this context only by demonstrating "a reasonable probability that the defendant would have accepted the offer if it had been timely communicated." *Cf., Perry,* 68 P.3d at 477, *citing Blaylock,* 20 F.3d at 1466–1467 *and United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435 (3rd Cir.1982); *Garrison,* 40 S.W.3d at 431 (finding no *Strickland* prejudice where defendant, upon learning of the un-communicated offer, indicated he would not have accepted it). After hearing the evidence on remand, the District Court found a reasonable probability that Appellant would have accepted the State's plea bargain offer and thus received the offered sentence of five years imprisonment, rather than the twelve years assessed by the jury. This conclusion finds additional support in Appellant's testimony at the trial, where he had no defense and essentially gave a guilty plea to the jury. The supplemental briefs of the parties again agree that this showing of prejudice demonstrates counsel's deficient performance violated Appellant's right to counsel under the Sixth and Fourteenth Amendments and Article 2, § 20 of the Oklahoma Constitution. We conclude this requires modification of the sentence in Count 1 to five (5) years imprisonment, concurrent with Appellant's other sentences in Counts 2 through 4, and concurrent with the sentence Appellant received in Case No. CF–2002–3516.

¶ 14 Appellant's Proposition 2, claiming multiple punishment for a single criminal act in violation of 21 O.S.2001, § 11, requires no relief. *Davis v. State,* 1999 OK CR 48, 993 P.2d 124.

### DECISION

The Judgment and Sentence of the District Court of Oklahoma County in Count 1 is **MODIFIED** to five (5) years imprisonment, concurrent with the sentences in Counts 2 through 4 and the sentence in Case No. CF–2002–3516. The Judgment and Sentence in Counts 2 though 4 is **AFFIRMED.** Pursuant to Rule 3.15, Rules of the Court of Criminal Appeals, Title 22, Ch. 18, App. (2005), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

CHAPEL, P.J., LUMPKIN, V.P.J., A. JOHNSON and C. JOHNSON, JJ., concur.