**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 18, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ADRIAN MACIAS CASTRO,

    Defendant - Appellant.

No. 09-6151
(D.C. No. 08-CV-00921-R)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Adrian Macias Castro, a federal inmate represented by appointed counsel, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. Because Mr. Castro has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), in light of the district court's factual findings, we deny his request for a certificate of appealability (COA) and dismiss the appeal. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Background

Following a jury trial, Mr. Castro was convicted of, inter alia, conspiracy to

possess controlled substances with intent to distribute; possession of controlled substances with intent to distribute; possession of a firearm by a convicted felon; interstate travel in aid of racketeering; and money laundering conspiracy. 1 R. 86-87. He was sentenced to concurrent sentences for a total term of 360 months' imprisonment and five years of supervised release. 1 R. 88-89. We affirmed on direct appeal. See United States v. Castro, 225 F. App'x 755 (10th Cir. 2007). Mr. Castro then filed a § 2255 motion alleging ineffective assistance of counsel based on trial counsel's alleged failure to convey a plea offer made by the government. 1 R. 94-107, 118-23, 126-30. After appointing counsel to represent Mr. Castro, the district court held an evidentiary hearing at which trial counsel and Mr. Castro testified. 3 R. 1-66. Following this hearing, the court issued its written order denying relief on the grounds that Mr. Castro could not establish deficient performance and prejudice given the district court's factual finding that counsel had indeed conveyed the plea offer. 1 R. 172-76.

## Discussion

The failure to inform a defendant of a favorable plea agreement (deficient performance) is a viable ineffective assistance of counsel claim when a defendant can prove that but for counsel's deficient performance, he would have accepted the plea (prejudice). See Williams v. Jones, 571 F.3d 1086, 1090 n.3 & 4 (10th Cir. 2009). At the evidentiary hearing, Mr. Castro testified that he never received

- 2 -

any information from counsel concerning the plea offer, 3 R. 42-48, while trial counsel testified that he discussed the government's plea offer and the benefits of entering a plea of guilty with Defendant on numerous occasions, 3 R. 5-6, 15-18, 25-26. The district court viewed trial counsel's testimony as more credible; therefore, Mr. Castro cannot establish the factual predicate for his ineffective assistance claim. What is more, the district court's resolution of this matter is not reasonably debatable given the standard of review we would be required to employ in evaluating its factual finding: clear error. See United States v. Rodriguez-Rivera, 518 F.3d 1208, 1216 (10th Cir. 2008). After thoroughly reviewing the record, we would have to conclude that the district court's factual finding is not clearly erroneous given two permissible views of the evidence.

Accordingly, we DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge