TAYLOR v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:TAYLOR v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 TAYLOR v. STATE
2018 OK CR 6
Case Number: F-2016-1078
Decided: 02/23/2018
EDWARD ANTHONY TAYLOR, v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2018 OK CR 6, __ __

 



 





SUMMARY OPINION







ROWLAND, J.:



¶1 Appellant Edward Anthony Taylor was convicted by jury in the District Court of Caddo County, Case No. CF-2016-56, of Possession of a Controlled Dangerous Substance with Intent to Distribute, in violation of 63 O.S.Supp.2012, § 2-401(A)(1). The jury assessed punishment at fifteen years imprisonment and a $20,000.00 fine. The Honorable Wyatt Hill, Associate District Judge, presided at trial and sentenced Taylor accordingly. Taylor appeals, raising the following issues:

(1) whether the district court erred in denying his motion to dismiss because he was denied his Fifth and Sixth Amendment right to counsel during custodial interrogation; and

(2) whether he was denied the effective assistance of counsel.


¶2 We find reversal is not required and affirm the Judgment and Sentence of the district court.


1. Motion to Dismiss


¶3 Taylor argues the district court erred in denying dismissal of his drug charge to remedy the violation of his Fifth and Sixth Amendment right to counsel during a pretrial custodial interrogation that occurred while he was represented by counsel. We review the district court's ruling on a motion to dismiss for an abuse of discretion. See Sanders v. State, 2015 OK CR 11, ¶ 4, 358 P.3d 280, 283. "An abuse of discretion is any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue or a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented." Id.


¶4 Taylor filed a motion to dismiss the case because of the prosecutor's "flagrant" violation of his right to counsel. That motion alleged the prosecutor ordered a deputy sheriff to interview Taylor, knowing that Taylor had counsel, in violation of the rule in Michigan v. Jackson, 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986). Taylor simultaneously filed a motion to suppress any statements made during the interrogation. At the hearing on those motions, the prosecutor conceded that the proper remedy to correct the constitutional violation of Taylor's right to counsel was to suppress Taylor's statement. The district court sustained Taylor's motion to suppress, but denied his motion to dismiss. No evidence of the interrogation was admitted at trial.


¶5 It is undisputed that the deputy sheriff interviewed Taylor after criminal proceedings had begun on his drug charge and defense counsel had entered an appearance. Taylor maintains he is entitled to relief because the acquisition of information during the custodial interrogation in violation of his right to counsel resulted in the assigned prosecutor refusing to offer a more attractive plea bargain. This claim is without merit because there was no constitutional violation of Taylor's right to counsel.[1]


¶6 This case gives occasion to compare the rights to counsel embodied in the Fifth and Sixth Amendments, respectively. The Fifth Amendment right arises when one who is in custody is interrogated. See Miranda v. Arizona, 384 U.S. 436, 469-70, 86 S.Ct. 1602, 1625-26, 16 L.Ed.2d 694 (1966) (holding the Fifth Amendment right to interrogation counsel is triggered by the advice of constitutional rights that police must give before any custodial questioning.) Under Miranda, no statement obtained through custodial interrogation may be used against a defendant without a knowing and voluntary waiver of those rights. Id., 384 U.S. at 444, 86 S.Ct. at 1612. The Sixth Amendment right to trial counsel is triggered by the initiation of adversarial judicial proceedings, which may be initiated by way of formal charge, preliminary hearing, indictment, information, or arraignment. Montejo v. Louisiana, 556 U.S. 778, 786, 129 S.Ct. 2079, 2085, 173 L.Ed.2d 955 (2009); United States v. Gouveia, 467 U.S. 180, 187--88, 104 S.Ct. 2292, 2297, 81 L.Ed.2d 146 (1984). Both the Fifth and Sixth Amendment rights to counsel apply to custodial interrogations post initiation of adversarial judicial proceedings, and each is invoked and waived in exactly the same manner--under the Fifth Amendment prophylactic Miranda rules. See Montejo, 556 U.S. at 786-87, 129 S.Ct. at 2085. Here, it is neither disputed that Taylor was in custody and interrogated, nor is there any claim that his waiver was not voluntary. His complaint is that he was approached by law enforcement, after he had been appointed counsel, and asked to submit to an interview. Thus, this case is within the ambit of the Sixth Amendment right to assistance of counsel, which attaches once the adversary judicial process has been initiated. See Montejo, 556 U.S. at 786, 129 S.Ct. at 2085.


¶7 A defendant has the right to have counsel present at all "critical" stages of a criminal prosecution, including custodial interrogation. Randall v. State, 1993 OK CR 47, ¶ 3, 861 P.2d 314, 315. Formerly, once a criminal defendant requested the assistance of counsel based on his Sixth Amendment right, the police could not initiate questioning or attempt to induce a waiver of his right to counsel because that police interrogation and any waiver obtained was invalid under Michigan v. Jackson, 475 U.S. at 635--636, 106 S.Ct. at 1410--11. Jackson held that "if police initiate interrogation after a defendant's assertion, at an arraignment or similar proceeding, of his right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid." Jackson, 475 U.S. at 636, 106 S.Ct. at 1411. Unfortunately for Taylor, Jackson's prophylactic protection of the Sixth Amendment right to counsel is no longer available.


¶8 In Montejo v. Louisiana, the United States Supreme Court overruled Jackson and rejected its bright-line rule. Montejo, 556 U.S. at 797, 129 S.Ct. at 2091. The trial court in Montejo's case appointed him counsel at preliminary hearing to assist in the defense of his murder charge. Id., 556 U.S. at 781, 129 S.Ct. at 2082. Later that same day, the police, seemingly unaware that counsel had been appointed, approached the jailed Montejo, and requested that he accompany them to locate the murder weapon. Id., 556 U.S. at 781-82, 129 S.Ct. at 2082. The police read Montejo his Miranda rights, and he agreed to go with them. Id., 556 U.S. at 782, 129 S.Ct. at 2082. During the trip, Montejo wrote an inculpatory letter of apology to the victim's widow. Id. The letter was admitted at trial over objection, and Montejo was convicted. Id.


¶9 The Court in Montejo rejected the rationale for Jackson and its prophylactic rule, holding "it would be completely unjustified to presume that a defendant's consent to police-initiated interrogation was involuntary or coerced simply because [the defendant] had previously been appointed a lawyer." Id., 556 U.S. at 792, 129 S.Ct. at 2088. Once the right to counsel has attached, "a defendant who does not want to speak to the police without counsel present need only say as much when he is first approached and given the Miranda warnings. At that point, not only must the immediate contact end, but 'badgering' by later requests is prohibited." Id., 556 U.S. at 794-95, 129 S.Ct. at 2090. On balance, the Court found "that the marginal benefits of Jackson (viz., the number of confessions obtained coercively that are suppressed by its bright-line rule and would otherwise have been admitted) are dwarfed by its substantial costs (viz., hindering 'society's compelling interest in finding, convicting, and punishing those who violate the law')." Id., 556 U.S. at 793, 129 S.Ct. at 2089 (quoting Moran v. Burbine, 475 U.S. 412, 426, 106 S.Ct. 1135, 1143, 89 L.Ed.2d 410 (1986)).


¶10 The Court explained further that without Jackson, few badgering-induced waivers, if any, would be admitted at trial because the Court had already taken substantial other, overlapping measures to exclude them. Id., 556 U.S. at 794, 129 S.Ct. at 2089. First, under Miranda, any suspect subject to custodial interrogation must be advised of his right to have a lawyer present during questioning. Id. Second, under Edwards v. Arizona, once such a defendant has invoked his Miranda rights, he "is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." Edwards, 451 U.S. 477, 484--85, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378 (1981) (discussed in Montejo, 556 U.S. at 794, 129 S.Ct. at 2090). And third, under Minnick v. Mississippi, 498 U.S. 146, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990), no subsequent interrogation may take place until counsel is present. Minnick, 498 U.S. at 153, 111 S.Ct. at 491 (discussed in Montejo, 556 U.S. at 794, 129 S.Ct. at 2090). Quoting Patterson v. Illinois, 487 U.S. 285, 296, 108 S.Ct. 2389, 2397, 101 L.Ed.2d 261 (1988), the Court reaffirmed that "an accused who is admonished with the warnings prescribed by this Court in Miranda . . . has been sufficiently apprised of the nature of his Sixth Amendment rights, and of the consequences of abandoning those rights, so that his waiver on this basis will be considered a knowing and intelligent one." Montejo, 556 U.S. at 786-87, 129 S.Ct. at 2085. The basis for Jackson's bright line rule, the Court found, was simply unsound. Id., 556 U.S. at 794, 129 S.Ct. at 2089-90. A further safeguard against badgered confessions is the Fourteenth Amendment's requirement that all statements introduced against a criminal defendant, regardless of whether they are in custody or have secured counsel, be voluntarily made. Malloy v. Hogan, 378 U.S. 1, 8, 84 S.Ct. 1489, 1493-94, 12 L.Ed.2d 653 (1964); Young v. State, 1983 OK CR 126, ¶¶ 10-11, 670 P.2d 591, 594.


¶11 Post-Montejo, a court can no longer presume that a waiver of a right to counsel executed after the right to counsel has attached is invalid. The represented defendant may make a clear assertion of the right to counsel when officers initiate interrogation or may waive that right provided the relinquishment of the right is voluntary, knowing and intelligent. See Id., 556 U.S. at 786, 129 S.Ct. at 2085. And, "the decision to waive [the right to counsel] need not itself be counseled." Id. Hence, once "a defendant is read his Miranda rights (which include the right to have counsel present during interrogation) and [knowingly] agrees to waive those rights," that advice of rights and waiver is sufficient to comply with the Fifth and Sixth Amendments. Id., 556 U.S. at 786--87, 129 S. Ct. at 2085.[2] This Court's decisions in Warner v. State, 2006 OK CR 40, ¶ 55, 144 P.3d 838, 866; Miller v. State, 2001 OK CR 17, ¶ 10, 29 P.3d 1077, 1080; Valdez v. State, 1995 OK CR 18, ¶ 33, 900 P.2d 363, 374; Walker v. State, 1990 OK CR 44, ¶ 12, 795 P.2d 1064, 1067; Ake v. State, 1989 OK CR 30, ¶ 40, 778 P.2d 460, 469; and McCaulley v. State, 1988 OK CR 25, ¶ 9, 750 P.2d 1124, 1126 are overruled to the extent they are inconsistent with this opinion.


¶12 The record shows that the deputy sheriff began Taylor's custodial interrogation by asking Taylor if he had made an initial appearance and had spoken to an attorney and Taylor answered affirmatively. The deputy read Taylor his Miranda rights and asked if Taylor wished to speak with him. Taylor asked if he should speak to the deputy without counsel present and the deputy informed him that it was his right to have an attorney present if he so desired. Taylor stated unequivocally that he wanted to speak to the deputy. The deputy asked Taylor to review the rights previously read to him and to print and sign his name on the Advice of Rights form if he wanted to waive his rights and talk to the deputy. Taylor waived his rights.


¶13 Taylor undoubtedly had a right to counsel for the custodial interrogation under the Fifth and Sixth Amendments, but knowingly and voluntarily waived his rights. The statement he made was admissible. Nevertheless, the statement was suppressed because all parties erroneously believed that Jackson was still the law. Under Montejo, there was no violation of Taylor's constitutional rights to counsel because of his valid waiver. Because his statement was not acquired unlawfully, Taylor can show neither that constitutional violations of his right to counsel affected the plea bargaining process nor that the district court abused its discretion in denying his motion to dismiss. This claim is denied.


2. Ineffective Assistance of Counsel


¶14 Taylor claims the cumulative effect of defense counsel's ineffective assistance deprived him of a fair trial. He argues that defense counsel's inappropriate and unprofessional conduct during the motion hearing alienated the judge and caused the judge to rule against him on his motion to dismiss. Taylor also complains that defense counsel failed to competently and effectively present evidence and argument in support of his motion to dismiss further causing the judge to reject his motion.


¶15 This Court reviews claims of ineffective assistance of counsel to determine: (1) whether counsel's performance was constitutionally deficient; and (2) whether counsel's performance prejudiced the defense so as to deprive the defendant of a fair trial with reliable results. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Malone v. State, 2013 OK CR 1, ¶ 14, 293 P.3d 198, 206. Under this test, Taylor must affirmatively prove prejudice resulting from his attorney's actions. Strickland, 466 U.S. at 693, 104 S.Ct. at 2067; Head v. State, 2006 OK CR 44, ¶ 23, 146 P.3d 1141, 1148. To accomplish this, Taylor must show that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." Head, 2006 OK CR 44, ¶ 23, 146 P.3d at 1148. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. This Court need not determine whether counsel's performance was deficient if the claim can be disposed of based on lack of prejudice. Malone, 2013 OK CR 1, ¶ 16, 293 P.3d at 207.


¶16 As discussed in Proposition 1, supra, the district court did not err in denying Taylor's motion to dismiss because there was no violation of his right to counsel during the custodial interrogation. Moreover, the court suppressed Taylor's statement to remedy the alleged constitutional violation. Taylor has not shown that reversible error occurred. Hence, he cannot establish the necessary prejudice to prevail on his ineffective assistance of counsel claim. This claim is denied.


DECISION


¶17 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018), the MANDATE is ORDERED issued upon delivery and filing of this decision.


AN APPEAL FROM THE DISTRICT COURT OF CADDO COUNTY
THE HONORABLE WYATT HILL, ASSOCIATE DISTRICT JUDGE


 



 
 

 

 
APPEARANCES AT TRIAL
 
 

 
APPEARANCES ON APPEAL
 
 
 

 

 
DAVID KANEHL
 1111 WEST WILLOW AVE., SUITE 200
 DUNCAN, OK 73533
 COUNSEL FOR DEFENDANT
 
 ALAN D. ROSENBAUM
 ASSISTANT DISTRICT ATTORNEY
 110 S.W. 2ND, SUITE 108
 ANADARKO, OK 73005
 COUNSEL FOR STATE
 
 

 
NEILSON LEA
 P. O. BOX 926
 NORMAN, OK 73070-0926
 COUNSEL FOR APPELLANT
 
 MIKE HUNTER
 OKLAHOMA ATTORNEY GENERAL
 ASHLEY L. WILLIS
 ASSISTANT ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 



 




OPINION BY: ROWLAND, J.
LUMPKIN, P.J.: CONCUR
LEWIS, V.P.J.: CONCUR
HUDSON, J.: CONCUR
KUEHN, J.: CONCUR





FOOTNOTES




[1] We further note that the State is under no legal obligation to plea bargain with any defendant because there is no constitutional right to plea bargaining. Jiminez v. State, 2006 OK CR 43, ¶ 6, 144 P.3d 903, 905.





[2] "If a State wishes to abstain from requesting interviews with represented defendants when counsel is not present, it obviously may continue to do so." Montejo, 556 U.S. at 793, 129 S.Ct. at 2089 (emphasis in original). In addition, the Fifth Amendment does bar police-initiated interrogation of an accused who, in the context of custodial interrogation, has previously asserted his right to counsel during such interrogation, unless the accused's counsel is actually present. Minnick, 498 U.S. at 153, 111 S.Ct. at 491; Edwards, 451 U.S. at 484--85, 101 S.Ct. at 1885.











 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1988 OK CR 25, 750 P.2d 1124, McCAULLEY v. STATE
Discussed
 1989 OK CR 30, 778 P.2d 460, AKE v. STATE
Discussed
 1990 OK CR 44, 795 P.2d 1064, WALKER v. STATE
Discussed
 1993 OK CR 47, 861 P.2d 314, RANDALL v. STATE
Discussed
 1995 OK CR 18, 900 P.2d 363, VALDEZ v. STATE
Discussed
 2001 OK CR 17, 29 P.3d 1077, 72 OBJ 2430, MILLER v. STATE
Discussed
 2006 OK CR 40, 144 P.3d 838, WARNER v. STATE
Discussed
 2006 OK CR 43, 144 P.3d 903, JIMINEZ v STATE
Discussed
 2006 OK CR 44, 146 P.3d 1141, HEAD v. STATE
Discussed at Length
 2013 OK CR 1, 293 P.3d 198, MALONE v. STATE
Discussed at Length
 2015 OK CR 11, 358 P.3d 280, SANDERS v. STATE
Discussed
 1983 OK CR 126, 670 P.2d 591, YOUNG v. STATE
Discussed
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 2-401, Prohibited Acts A - Penalties
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA