**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 21, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GREGORY T. SIMS,

      Defendant - Appellant.

No. 06-3332
(D.C. No. 05-CV-3213-CM and
04-CR-20061-CM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Petitioner-Appellant Gregory T. Sims, a federal inmate appearing pro se,

appeals the district court's denial of his motion to vacate, set aside or correct his

sentence pursuant to 28 U.S.C. § 2255.  On January 24, we granted Mr. Sims a

Certificate of Appealability ("COA") with respect to his contention that his

attorney rendered ineffective assistance by failing to object to the district court's

erroneous Sentencing Guideline calculation.  Thereafter, the government

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously to grant the parties' request for a decision on the briefs
without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case
is therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

confessed error and moved for remand. Our jurisdiction arises pursuant to 28 U.S.C. §§ 1291 and 2253, and we remand for resentencing.

## Background

On July 19, 2004, Mr. Sims pled guilty to one count of possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). According to the Presentence Investigation Report ("PSR"), Mr. Sims's crime warranted a base offense level of 24 because he committed the offense subsequent to at least two violent felony convictions. See U.S.S.G. § 2K2.1(a)(2) (2003). Pursuant to the plea agreement, Mr. Sims made–and the government did not oppose–a motion for a two-level reduction for his acceptance of responsibility with an additional one-level reduction for timely notifying the government of his intent to plead guilty. R. Doc. 44 at 3. The court granted these motions and determined that, with a total offense level of 21 and a criminal history category of VI, the applicable guideline range was 77 to 96 months. R. Doc. 50 at 5-6.

Mr. Sims, his attorney, and the Assistant United States Attorney each informed the court that there were no objections to these findings. Id. at 6. Mr. Sims's attorney then asked the court to sentence his client "at the low end of the applicable guideline range," and the Assistant United States Attorney recommended "a sentence of 77 months, based upon the plea agreement." Id. at 7. The court accepted these recommendations and sentenced Mr. Sims to 77

months in prison and restitution in the amount of $228.  R. Doc. 48.

On May 9, 2005, Mr. Sims filed his § 2255 motion.  R. Doc. 51.  The district court rejected his claims, determining that he failed to establish any defects in his counsel's performance or any prejudice caused by his counsel's decisions.  R. Doc. 57 at 6-7.  We then granted a COA on one claim contained in the motion: whether Mr. Sims's counsel was ineffective for failing to object to the district court's finding that he had two qualifying prior convictions for crimes of violence.

## Discussion

In reviewing the denial of a § 2255 petition, we examine the district court's legal rulings de novo.  United States v. Horey, 333 F.3d 1185, 1187 (10th Cir. 2003).  A defendant claiming ineffective assistance of counsel must typically show both that his counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance prejudiced him.  Strickland v. Washington, 466 U.S. 668, 687-88, 692 (1984).  However, the failure to object to the legally erroneous imposition of an enhancement under the Sentencing Guidelines constitutes ineffective assistance.  See Jansen v. United States, 369 F.3d 237, 244 (3d Cir. 2004).

The base offense level for a violation of 18 U.S.C. § 922(g)(1) is 24 if the defendant has two or more prior convictions for crimes of violence or controlled

substances offenses and 22 if the defendant has only one such prior conviction. U.S.S.G. § 2K2.1(a). A crime of violence is defined as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 4B1.2(a). However, convictions for crimes of violence do not impact the base offense level under § 2K2.1(a) if the "sentence [was] imposed more than fifteen years prior to the defendant's commencement of the instant offense . . . unless the defendant's incarceration extended into this fifteen-year period." Id. § 4A1.1 cmt. n.1.

Mr. Sims does not dispute that his 1983 manslaughter conviction, for which he was imprisoned until 1990, was properly considered a prior conviction for a crime of violence under §§ 2K2.1(a) and 4B1.2(a). However, he argues that he has no other qualifying conviction; his other convictions are either too old or do not fit the definition of a "crime of violence" or "controlled substances offense." The government agrees, admitting that the PSR mistakenly counted a 1980 armed robbery conviction as the second prior violent felony. See Aplee. Br. at 3. Mr. Sims was released from prison for this offense in 1981, making it far too stale to fit into § 4A1.1's fifteen-year window. See U.S.S.G. § 4A1.1 cmt. n.1. Thus, Mr. Sims had only one qualifying prior violent felony conviction, and his base

offense level should have been 22 rather than 24.[1]

The district court used an incorrect base offense level in sentencing Mr. Sims, and there is a possibility that his sentence would have been lower if he had been sentenced using the correct base offense level and the lower attendant Guideline range. Accordingly, we REVERSE the district court's denial of Mr. Sims's § 2255 motion on this point and REMAND for resentencing.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[1] A base offense level of 22 would have resulted in a total offense level of 19, leading to a sentencing range of 63 to 78 months.