FILED
United States Court of Appeals
Tenth Circuit

February 7, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STEVEN O. TITSWORTH,

      Petitioner–Appellant,

v.

MIKE MULLIN, Warden,

      Respondent–Appellee.

No. 10-7078
(D.C. No. 6:08-CV-00032-RAW-KEW)
(E.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

Steven Orlando Titsworth, a state prisoner proceeding pro se,[1] seeks a certificate

of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254

habeas petition. We deny Titsworth's application for COA.

**I**

On the evening of February 23, 2004, Johnny Teehee was working as a Dillard's

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Titsworth's pleadings because he proceeds pro se. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

security guard.  Teehee was also the Deputy Chief of the Muskogee, Oklahoma, Police Department.  He saw Titsworth enter the store, leave with a "hump" beneath his coat, and get into a car outside.  Teehee followed in his patrol car and stopped Titsworth a few blocks away.  While Teehee was asking Titsworth for identification, he shined a flashlight into the back seat of Titsworth's car, spotting a sheet set that had Dillard's stickers on it.  After obtaining consent from the vehicle's owner, who was in the car with Titsworth, Teehee and another officer searched the car and discovered a glass pipe which later tested positive for the presence of a trace amount of cocaine.

Titsworth was initially charged with cocaine possession and larceny of merchandise from a retailer, a misdemeanor.  Later, the state filed an amended information that revised the second count to petit larceny after a former conviction for petit larceny, a felony.  Titsworth proceeded to trial on those charges.

Several mistakes were made at trial.  During the guilt phase, the judge instructed the jury that Titsworth had been charged with larceny of merchandise from a retailer, and failed to mention the superseding petit larceny charge.  Then, during the sentencing phase, the judge instructed the jury that the statutory maximum sentence for larceny of merchandise was five years, when in fact that maximum applies to petit larceny.  The maximum for larceny of merchandise, in Titsworth's case, was one year.  See Okla. Stat. tit. 21, § 1731(2).  Accepting the judge's erroneous instruction, the jury convicted Titsworth of:  (1) cocaine possession after prior conviction of two or more felonies; and

(2) larceny of merchandise. At this point, the trial judge made a third error, recording the second conviction as petit larceny. The jury sentenced Titsworth on November 24, 2004, to consecutive prison terms of seventeen years for the drug offense and five years for larceny. His conviction and sentence were affirmed on direct appeal.

On state post-conviction review, the Oklahoma Court of Criminal Appeals agreed with Titsworth's argument that, because the trial judge had instructed the jury regarding the misdemeanor of larceny of merchandise, and the jury convicted him only of that offense, the court was not authorized to sentence Titsworth to a term exceeding the statutory maximum. It therefore remanded the case to the trial court, with instructions to correct the second conviction to larceny of merchandise, and to modify the sentence to one year.

Titsworth filed his § 2254 petition in January 2008. The respondent filed a motion to dismiss for failure to exhaust state remedies shortly thereafter. Titsworth then filed several motions seeking to amend his petition or for permission to exhaust unexhausted claims. Titsworth filed several state post-conviction motions during the same time frame. The district court denied Titsworth's petition on October 4, 2010, and denied a COA. Titsworth now seeks a COA from this court.

**II**

A petitioner may not appeal the denial of habeas relief under 28 U.S.C. § 2254 without a COA. § 2253(c)(1)(A). To obtain a COA, Titsworth must demonstrate "that

reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2254] petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). To prevail on his § 2254 habeas petition, Titsworth must show that the state court's adjudication of his claim either "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established Federal law." § 2254(d)(1), (2).

**A**

Titsworth argues his sentence on count 1 (drug possession) violates his due process rights because the sentence exceeds the statutory maximum. Cf. United States v. Shipp, 589 F.3d 1084, 1088 (10th Cir. 2009) ("[D]ue process requires that the sentence for the crime of conviction not exceed the statutory maximum." (quotation and alteration omitted)). This argument fails. Titsworth was convicted of drug possession after two prior felonies, which carries a maximum sentence of life imprisonment, Okla. Stat. tit. 21, § 51.1(C). He received a sentence of seventeen years' imprisonment—within the statutory range.

Construing Titsworth's filings liberally, Hall, 935 F.2d at 1110, it appears he is not advancing a claim based on an excessive sentence for the crime of conviction, but rather contending that he should not have been found guilty of the crime of conviction.

Titsworth argues that none of his prior crimes qualified as an enhancing felony under Okla. Stat. tit. 21, § 51.1(C), and thus he was improperly convicted under that statute. This argument could be read as either an insufficiency of the evidence claim, or as an actual innocence claim.

"When reviewing the sufficiency of the evidence on a habeas corpus petition, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Turrentine v. Mullin, 390 F.3d 1181, 1197 (10th Cir. 2004). Titsworth has not satisfied this standard. According to the information presented at trial, Titsworth had been convicted of five prior felonies:

| Case | Crime | Sentence Date |
|------|-------|---------------|
| CRF-83-551 | Burglary, Second Degree | June 1, 1984 |
| CRF-84-51 | Robbery with a Firearm | June 1, 1984 |
| CRF-93-757 | Unauthorized Use of a Motor Vehicle | October 13, 1993 |
| CRF-93-978 | Larceny of Merchandise from a Retailer | May 17, 1994 |
| CRF-93-1017 | Attempted Grand Larceny | May 17, 1994 |

Titsworth argues that none of these convictions could validly be used to enhance his sentence. But Titsworth admitted at trial that he had five prior felony convictions. Given this admission, a reasonable juror could certainly have found that he had two prior felony convictions.[2]

---

[2] Another way of viewing Titsworth's admission is that he affirmatively waived the argument that his prior convictions were not felonies. See United States v. Turbides-Leonardo, 468 F.3d 34, 37 (1st Cir. 2006) (a criminal defendant may waive the argument

Continued . . .

- 5 -

To succeed on a claim of actual innocence—assuming that a free-standing actual innocence claim is cognizable in habeas[3]—Titsworth would have to "show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995). Titsworth cannot prevail on this ground for two reasons. First, Titsworth has not advanced any new evidence. His arguments relating to the prior convictions rely on facts that were available to him at the time of his trial. See Cummings v. Sirmons, 506 F.3d 1211, 1223-24 (10th Cir. 2007) (new reliable evidence required to succeed on actual innocence claim).

Second, Titsworth has not carried his burden of showing that his prior convictions were not qualifying felonies. See Reber v. Steele, 570 F.3d 1206, 1209 (10th Cir. 2009) (habeas petitioner generally bears burden of proof). Titsworth claims that CRF-84-51 and CRF-83-551 cannot be used because he completed the sentence for those crimes more than ten years before his arrest for drug possession. CRF-84-51 and CRF-93-757, he says, were "vacated and set aside" by Oklahoma court orders. And because the convictions in CRF-93-978 and CRF-93-1017 "are not crimes punishable by

---

that a prior conviction was not a drug trafficking offense). Had Titsworth declined to admit the past felonies, the prosecutor was prepared to offer evidence as to the status of those prior convictions. But because of Titsworth's admission, the record does not include that evidence.

[3] In Herrera v. Collins, 506 U.S. 390 (1993) the Court assumed "that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional." Id. at 417.

imprisonment in the state penitentiary," Titsworth contends they are misdemeanors, and therefore do not count as prior felonies under Okla. Stat. tit 21, § 51.1.

Titsworth raises serious questions regarding all five of his prior convictions. His convictions in CRF-93-978 and CRF-93-1017 do not appear to have been felonies.[4] Titsworth's guilty pleas in CRF-84-51 and CRF-93-757 seem to have been set aside in a March 31, 2000, minute order.[5] But in response to an inquiry from Titsworth, an Oklahoma state judge reported that the 2000 order "inadvertently included the case numbers of CRF-84-51 and CRF-93-757 because they were listed on the docket with the other two cases." This letter states that a "Court Minute [c]orrecting the problem" is attached, but the record does not include this attachment. Further, Titsworth may have completed his sentence for CRF-83-551, second-degree burglary, more than ten years before his drug arrest, which would keep that conviction from being applied to enhance his 2004 drug conviction sentence. See Okla. Stat. tit. 21, § 51.1(C). Titsworth claims

---

[4] "A felony is a crime which is, or may be, punishable with death, or by imprisonment in the penitentiary." Okla. Stat. tit. 21, § 5. In CRF-93-978, Titsworth was convicted of larceny of merchandise valued under $500, which is not a felony unless the defendant has already been twice convicted of larceny of merchandise. See § 1731. In CRF-93-1017, Titsworth was convicted of attempted grand larceny of merchandise of more than $50 and less than $500. Grand larceny of property worth less than $500 is only punishable by a maximum of one year in county jail, § 1705, making attempted grand larceny of property worth less than $500 punishable by a maximum of six months in county jail, § 42(1).

[5] CRF-93-978 and CRF-93-1017 were also set aside in the same order, but Titsworth entered a new guilty plea in those cases in 2001.

that the burglary sentence was completed in 1992.  He was arrested in 1993, suggesting that he had been released from prison before 1994.  But the record does not tell us whether Titsworth was subject to a suspended sentence or parole in 1994.  Cf. Nipps v. State, 576 P.2d 310, 312 (Okla. Crim. App. 1978) (a sentence is completed "when the Department of Corrections relinquished their control of the defendant and unconditionally released him" (emphasis added)).

Although Titsworth has presented evidence calling into question the use of all five of his prior convictions as enhancing felonies under Okla. Stat. tit. 21, § 51.1(C), he has not carried his burden of proving they were not felonies, and therefore has not shown "that it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327.

**B**

Titsworth also challenges his sentence for larceny of merchandise.  He claims that the Oklahoma Court of Criminal Appeals erred by directing entry of a one-year sentence, rather than remanding for sentencing by a jury, after the court determined that Titsworth had in fact been convicted of larceny of merchandise.

Although Oklahoma law provides criminal defendants a statutory right to sentencing by jury, see Okla. Stat. tit. 22, § 926.1, Oklahoma courts have held that "where the [appellate] Court has determined that a sentence is infirm due to trial error it may exercise one of three options; modify within the range of punishment, modify to the

minimum punishment allowable by law, or remand to the trial court for resentencing." Scott v. State, 808 P.2d 73, 77 (Okla. Crim. App. 1991) (footnotes omitted).

Titsworth complains that the rule announced in Scott violates his rights under Oklahoma law. But "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). We are "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 68 (citation omitted). Because Titsworth's claim regarding jury sentencing does not involve the denial of federal rights, it does not form a basis for § 2254 relief.

## C

Titsworth's final argument is that his trial counsel was ineffective, by: (1) failing to argue the invalidity of his prior convictions; (2) not requesting a second drug presence test of the glass pipe; (3) declining to challenge his "warrantless arrest"; (4) not presenting statements made by the passenger when Officer Teehee pulled him over; and (5) allowing the trial court to sentence him for petit larceny, although he was only convicted of larceny of merchandise.[6]

To prevail on his ineffective assistance of counsel claim, Titsworth must prove

[6] Titsworth's brief presents two additional issues under the headings "Warrantless Arrest" and "Improper Jury instructions regarding the range of punishment." His brief, however, clearly indicates that "his failure to raise th[ese] issue[s] on direct appeal is a result of Ineffective Assistance of Counsel," which is the rubric under which we will consider those issues.

that: (1) his counsel failed to provide reasonably effective assistance, committing acts or omissions which fell outside the wide range of professionally competent assistance; and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 690-92 (1984). To establish prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In Titsworth's first claim, he correctly notes that his trial counsel failed to argue the invalidity of his prior convictions for purposes of enhancing his drug conviction. But, as discussed in Section II.A, supra, Titsworth has not carried his burden of showing that his prior convictions were not qualifying felonies. Consequently, even if his counsel committed an error, Titsworth has not shown that such error was prejudicial.

Titsworth's second claim also fails. At trial, a criminalist testified that the glass pipe Officer Teehee seized when he arrested Titsworth tested positive for the presence of cocaine. Titsworth's trial counsel cross-examined the criminalist, revealing to the jury that there was only a trace amount of cocaine in the pipe. But "possession of a modicum of an illegal drug is sufficient to bring the defendant within the purview of the statute." Spriggs v. State, 511 P.2d 1139, 1143 (Okla. Crim. App. 1973) (quotation omitted). Requesting a second test after a conclusive first test would have been frivolous, and the failure to do so was not ineffective assistance.

Titsworth's third argument, challenging his warrantless arrest, fares no better.

Oklahoma law permits a peace officer to make a warrantless arrest when an offense is committed in his presence. Okla. Stat. tit. 22, § 196. Teehee watched Titsworth steal sheets from Dillard's. There was no basis on which to challenge the subsequent warrantless arrest.

As to Titsworth's fourth claim, counsel was not required to present statements made by the passenger riding with Titsworth. Officer Teehee testified at a preliminary hearing that the passenger told him that Titsworth was driving the car only to test the brakes. Titsworth, however, was charged only with drug possession and larceny. Whether he was driving the car to test the brakes or for some other reason has no bearing on these charges. Counsel's failure to introduce the passenger's statements was not prejudicial.

Titsworth correctly argues in his fifth claim that his counsel erred by allowing the trial court to sentence him for petit larceny after having been convicted only of larceny of merchandise. Further, this error was prejudicial because Titsworth received a five-year sentence instead of a one-year sentence. But this error was corrected by the Oklahoma Court of Criminal Appeals, which modified his sentence on state post-conviction review. His ineffective assistance claim, while apparently originally meritorious, is now moot.

Finally, Titsworth contends his appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness. Except for the now-moot claim regarding the larceny of merchandise conviction, such an argument would have been futile for the

foregoing reasons.  Accordingly, Titsworth cannot establish prejudice for appellate counsel's alleged failure.

**III**

Reasonable jurists could not debate whether the district court should have resolved Titsworth's § 2254 petition differently.  Cf. Slack, 529 U.S. at 484.  We therefore **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge