FILED
United States Court of Appeals
Tenth Circuit

August 25, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN ORLANDO TITSWORTH,

     Petitioner-Appellant,

v.

MIKE MULLIN, Warden,

     Respondent-Appellee.

No. 11-7039

(D.C. No. 6:CV-08-00032-RAW-KEW)
(E.D. Okla.)

**ORDER**[*]

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

Petitioner Steven Titsworth, a state prisoner appearing pro se, appeals from the district court's denial of his Fed. R. Civ. P. 60(b) motion in a 28 U.S.C. § 2254 proceeding. Because Titsworth's Rule 60(b) motion is properly characterized as an attempt to file a second or successive habeas petition, we vacate the district court's order for lack of jurisdiction, construe Titsworth's appeal as an application to file a second or successive habeas petition, and deny the application.

I

The history of Titsworth's offense, conviction, and prior post-conviction

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

proceedings is set forth in our order denying a certificate of appealability (COA) in Titsworth v. Mullin, 415 F. App'x 28 (10th Cir. 2011). Titsworth was convicted in 2004 of possession of cocaine and larceny of merchandise. Due to his criminal history, Titsworth was sentenced to seventeen years' imprisonment on the drug offense and, after post-conviction modification by the Oklahoma Court of Criminal Appeals (OCCA), one year's imprisonment on the larceny offense. Titsworth filed a habeas petition in the United States District Court for the Eastern District of Oklahoma, raising the following claims: (i) excessive and illegal sentences and/or insufficiency of the evidence; (ii) ineffective assistance of trial and appellate counsel; (iii) improper enhancement of his drug possession sentence; (iv) illegal warrantless arrest; (v) improper jury instructions during the punishment phase of his trial; (vi) denial of the right to have the jury that convicted him set his punishment; (vii) divergence between the jury's verdict and the one-year sentence imposed by the OCCA; and (viii) denial of the right to examine evidence. See ROA, Vol. 1 at 589-90, 604. The district court denied claims (i) - (iii) on the merits, denied claims (iv) - (viii) because they were unexhausted and procedurally barred, and denied a COA. This court denied Titsworth's application for a COA. Titsworth, 415 F. App'x 28.

Titsworth then filed a Fed. R. Civ. P. 60(b) motion in this court and in the district court, arguing that both courts had resolved his claims incorrectly. ROA, Vol. 1 at 654. This court informed Titsworth by letter that it had already issued an order denying his request for a COA, that the period for seeking rehearing had lapsed, "[t]he case [he]

referenced is fully at end," Rule 60(b) has no application to circuit courts, and that this court could not accept his filing and would take no action on it. Id. at 700. The district court subsequently denied Titsworth's Rule 60(b) motion on the merits. Titsworth then filed a combined opening brief and application for COA in this court, arguing that the district court failed to address all the issues raised in his Rule 60(b) motion and that this court and the district court resolved his claims incorrectly.

## II

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). A Rule 60(b) motion filed in a § 2254 proceeding may be a "true" Rule 60(b) motion or, in fact, a second or successive habeas petition filed under the auspices of Rule 60(b). See Gonzalez v. Crosby, 545 U.S. 524, 530-33 (2005). The Antiterrorism and Effective Death Penalty Act places strict limits upon a prisoner's ability to file a second or successive habeas petition, including a requirement that the petitioner obtain authorization from this court before such a petition may be filed. See 28 U.S.C. § 2244(b)(3).

A Rule 60(b) motion is a second or successive habeas petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006). For example, a motion "seeking vindication of a habeas claim by challenging the habeas court's previous

3

ruling on the merits of that claim," is a second or successive habeas petition. Id. at 1216 (quotation omitted). This is exactly what Titsworth seeks in his Rule 60(b) motion. He argues that the district court reached incorrect conclusions on the merits of his claims.[1] Therefore, his motion is not a "true" Rule 60(b) motion but, rather, a second or successive habeas petition.

Because Titsworth did not obtain authorization from this court prior to filing his motion, the district court should have dismissed it for lack of jurisdiction or transferred it to this court. Id. at 1217. If, as in this case, a district court erroneously entertains a second or successive habeas petition styled as a Rule 60(b) motion and denies it on the merits, "we will vacate the district court's order for lack of jurisdiction and construe the petitioner's appeal as an application to file a second or successive habeas petition." Id. at 1219.

Having construed Titsworth's appeal as an application to file a second or successive habeas petition, we shall consider the merits of such application. We may authorize the filing of a second or successive habeas petition only if the application makes a prima facie showing that the requirements for granting a second or successive habeas petition are satisfied. 28 U.S.C. § 2244(b)(3)(C). "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Each claim raised in

---

[1] Titsworth does not challenge the district court's conclusions that several of his claims are procedurally barred.

4

Titsworth's Rule 60(b) motion was previously raised in his habeas petition.  Therefore, he has not made a prima facie showing that the requirements for granting a second or successive habeas petition are satisfied.

III

The order of the district court is VACATED for lack of jurisdiction.  Titsworth's Fed. R. Civ. P. 60(b) motion is construed as an application to file a second or successive habeas petition, and such application is DENIED.  This denial is not appealable and "shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

Mary Beck Briscoe
Chief Judge