FILED
United States Court of Appeals
Tenth Circuit

June 17, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY PATRICK CIANCIO, JR.,

Petitioner - Appellant,

v.

ROBERT PATTON,

Respondent - Appellee.

No. 15-7016
(D.C. No. 6:13-CV-00478-JHP-KEW)
(E.D. Oklahoma)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **LUCERO** and **McHUGH**, Circuit Judges.

Gary Ciancio, an Oklahoma state prisoner proceeding pro se,[1] seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. For the reasons explained below, we deny Mr. Ciancio a COA and dismiss the matter.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Ciancio appears pro se, we liberally construe his filings. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

# I.    BACKGROUND

Mr. Ciancio is currently incarcerated in Oklahoma pursuant to a state conviction for child abuse stemming from two specific acts of abuse toward a three-year-old child. At Mr. Ciancio's trial, the prosecution introduced evidence unrelated to these specific acts of abuse, including evidence of violence and other abusive conduct towards Mr. Ciancio's girlfriend, the victim, and another child. Counsel for Mr. Ciancio did not object to the admission of any of this evidence. In addition, without objection from defense counsel, a witness was permitted to testify about her concerns that the victim may have been sexually abused, despite the fact that there was no evidence, or even an allegation, that Mr. Ciancio had engaged in such conduct. Similarly, both the prosecution and defense counsel developed evidence that the victim may have been sexually abused by another individual.

At the close of trial, the jury convicted Mr. Ciancio of one count of child abuse in violation of 21 O.S. Supp. 2010, § 843.5(A), and recommended a sentence of imprisonment for 25 years and a fine of $5,000. The trial court accepted the verdict and entered judgment accordingly. *See Luker v. State*, 552 P.2d 715 (Okla. Crim. App. 1976) (holding that where the jury declares a punishment in its verdict that is within the limitations fixed by law, the district court must impose a sentence in accordance with the verdict). Mr. Ciancio appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA), claiming the admission of improper character and bad acts evidence deprived him of the right to a fair trial and that trial counsel was ineffective for failing to object to the introduction of this evidence. According to Mr. Ciancio, he was prejudiced by trial

2

counsel's defective performance both in terms of the jury's finding of guilt and with respect to its recommended sentence.

On direct appeal, the OCCA agreed with Mr. Ciancio that a large amount of improper evidence was admitted at trial, was not objected to, and was sometimes further developed by Mr. Ciancio's own counsel. Thus, employing the framework of *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), the OCCA held that Mr. Ciancio's counsel's performance was deficient. But given the overwhelming evidence to support the jury's finding of guilt, the OCCA determined that counsel's deficiencies only affected the jury's determination of the appropriate sentence and did not impact the conviction. *See id.* at 694 (requiring that "there [be] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). As a result, the OCCA affirmed Mr. Ciancio's conviction for child abuse but modified his sentence from twenty-five years to fifteen years in prison.

Mr. Ciancio then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Oklahoma, challenging the OCCA's resolution of his direct appeal and claiming that counsel's deficient performance entitled him to a new trial rather than resentencing by the appellate court. The district court denied Mr. Ciancio's petition, concluding that the OCCA's resolution of his claims was not "contrary to" and did not "involve an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court," nor was it "based on an unreasonable determination of the facts in the light of the

3

evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1), (2).

Mr. Ciancio now seeks permission to appeal this decision.

## II.   ANALYSIS

To appeal the district court's denial of habeas relief, Mr. Ciancio must first obtain a COA, which requires he make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (recognizing that issuance of a COA is a jurisdictional prerequisite); *Montez v. McKinna,* 208 F.3d 862, 867 (10th Cir. 2000) (holding "that a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241"). Because the district court rejected Mr. Ciancio's constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: Mr. Ciancio must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Ciancio has not made this showing.

The OCCA's conclusion that the erroneous admission of evidence did not affect the jury's guilt determination was not contrary to clearly established law or an unreasonable determination of the facts. Indeed, there was strong evidence supporting Mr. Ciancio's conviction for child abuse. Likewise, the OCCA's decision to remedy the prejudicial impact of this evidence at sentencing by decreasing Mr. Ciancio's sentence of imprisonment from twenty-five to fifteen years in prison is not contrary to clearly established federal law.

4

The Oklahoma Legislature has provided the OCCA statutory authority to modify a sentence on appeal. Okla. Stat. tit. 22, § 1066 ("The appellate court may reverse, affirm or modify the judgment or sentence appealed from, and may, if necessary or proper, order a new trial or resentencing."). The Supreme Court has held, in an analogous context, that there is no due process violation where a state appellate court exercises its discretion to modify a jury sentence in order to remedy a constitutional violation. *See, e.g.*, *Clemons v. Mississippi*, 494 U.S. 738, 746 (1990) (recognizing that it was constitutionally permissible for the Mississippi Supreme Court to reweigh aggravating and mitigating factors to uphold a death sentence originally imposed by an improperly-instructed jury because "appellate sentencing, if properly conducted, would not violate due process"); *see also, e.g.*, *Carbray v. Champion*, 905 F.2d 314, 318–19 (10th Cir. 1990) (recognizing that "where a state court has the authority to exercise its own discretion . . . to modify a jury sentence on appeal[,] . . . no due process violation occurs" and affirming the OCCA's modification of a defendant's sentence from 199 years' imprisonment to 75 years' imprisonment to remedy the prejudicial impact at sentencing of remarks made by the prosecutor); *Shaw v. Johnson*, 786 F.2d 993, 998 (10th Cir. 1986) (holding there was no constitutional violation where the OCCA exercised its authority to reduce a defendant's sentence from life in prison to twenty years' imprisonment to correct an erroneous jury instruction regarding the minimum sentence). Thus, contrary to Mr. Ciancio's position, there is no clearly established constitutional right that the errors affecting his sentence be remedied by a new sentence imposed by a jury, rather than by the OCCA.

Nevertheless, Mr. Ciancio claims his due process rights were violated because the OCCA's decision to modify his sentence, rather than remanding for resentencing by a jury, is not "narrowly tailored" to the constitutional injury here: the right to effective assistance of counsel at sentencing. *See United States v. Morrison*, 449 U.S. 361, 364 (1981) (holding that "[c]ases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation"). In support of this argument, Mr. Ciancio relies on *Williams v. Jones*, 571 F.3d 1086 (10th Cir. 2009) (per curiam).

In *Williams*, defense counsel used threats and intimidation to convince the defendant to reject a plea offer that would have limited the defendant's potential imprisonment to ten years. *Id.* at 1088. The defendant rejected the plea agreement, the case went to trial, and the jury found him guilty and imposed a sentence of life without the possibility of parole. The defendant appealed, claiming ineffective assistance of counsel during the plea negotiations. The OCCA held that defense counsel had acted deficiently and that the defendant had suffered prejudice as a result. It therefore reduced the defendant's sentence to life with the possibility of parole, which was the lowest possible sentence for the crime of conviction. The defendant then sought habeas relief from this court. We reversed and remanded because the OCCA had failed to fashion a constitutionally permissible remedy for the ineffective assistance rendered during the plea negotiation process. Although we acknowledged that "no remedy may restore completely the parties' original positions," we remanded to the district court with instructions to

impose a remedy that "comes as close as possible to remedying the constitutional violation." *Id.* at 1093.

Our decision in *Williams* is not controlling here. There, defense counsel's ineffectiveness deprived the defendant of the benefit of a favorable plea bargain, and the OCCA's modification of the jury's sentence after conviction could not fairly remedy the resulting harm. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1389 (2012) (recognizing that "if a mandatory sentence confines a judge's sentencing discretion after trial, a resentencing based on the conviction at trial may not suffice. In these circumstances, the proper exercise of discretion to remedy the constitutional injury may be to require the prosecution to reoffer the plea proposal." (internal citations omitted)). Unlike the defendant in *Williams*, however, the ineffective assistance prejudiced the jury's initial imposition of Mr. Ciancio's sentence and, therefore, resentencing is the appropriate remedy. *See Titsworth v. Mullin*, 415 F. App'x 28, 34 (10th Cir. 2011) (unpublished) (holding that the OCCA's sentence modification corrected the prejudice from ineffective assistance at sentencing); *United States v. Sims*, 218 F. App'x 751, 753 (10th Cir. 2007) (unpublished) (remanding for resentencing to cure defense counsel's deficient performance in failing to object to district court's erroneous calculations under the sentencing guidelines).[2] As explained, Mr. Ciancio has no clearly established federal right to be resentenced by a jury as opposed to the OCCA. Thus, the OCCA's

---

[2] Although not binding, we find unpublished decisions from this court to be persuasive. *See* 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").

modification of Mr. Ciancio's sentence was sufficiently tailored to address the injury here.

For these reasons, reasonable jurists could not debate the correctness of the district court's determination that the OCCA's resolution of Mr. Ciancio's claims was not contrary to or an unreasonable application of federal law or based on an unreasonable determination of the facts presented at trial.

### III.     CONCLUSION

We deny Mr. Ciancio's application for a COA and dismiss the matter.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge

8