A.M.C. v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:A.M.C. v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 A.M.C. v. STATE
2021 OK CR 20
Case Number: J-2020-882
Decided: 07/22/2021
A.M.C., Appellant v. STATE OF OKLAHOMA, Appellee.
Cite as: 2021 OK CR 20, __ __

 

 

O P I N I O N

ROWLAND, VICE PRESIDING JUDGE:

¶1 A.M.C. appeals his adjudication as a juvenile delinquent for the offense of Possession of a Firearm After Juvenile Adjudication in Oklahoma County Case No. JDL-2020-387. A.M.C. was seventeen (17) years, three (3) months and thirty (30) days old on the date he committed the offense in August of 2020. Prior to trial, he filed a motion to suppress his confession, alleging he was improperly interrogated because no parent, attorney, or other adult representative was present. The Honorable Cassandra M. Williams denied his motion to suppress and a jury found him guilty and adjudicated him delinquent. He raises three propositions of error challenging his adjudication:

1. The trial court erred by admitting his statement into evidence by improperly interpreting 10A O.S. § 2-2-301(A);

2. The trial court erred by denying his motion for a competency evaluation; and

3. The trial court erred by denying his demurrer to the evidence.

¶2 Pursuant to Rule 11.2(A)(3), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2021), this appeal was automatically assigned to the Court's Accelerated Docket. The Court heard oral arguments on March 25, 2021, and took the matter under advisement. For the reasons detailed below, A.M.C.'s adjudication as a delinquent is AFFIRMED.

Factual Background

¶3 From April 28, 2020 to July 29, 2020, A.M.C. was in the custody of the Oklahoma Juvenile Authority (OJA) and housed at Scissortail Pointe, a Level E Enhanced Group Home facility. Upon his discharge from Scissortail, A.M.C. returned to his mother's Oklahoma City home wearing an ankle monitor as part of his conditions of probation on his seven separate juvenile cases. His mother reported him missing on August 4, 2020, and the court issued a warrant for his arrest for violating his probation.

¶4 Meanwhile, Oklahoma City police began investigating a murder that occurred at the Raindance Apartments in Oklahoma City on August 7, 2020. Homicide detectives developed information that A.M.C. was present at the murder scene and arrested him on August 10, 2020, on his outstanding warrant for violating probation. A.M.C. told detectives that he could not read and a detective read his Miranda rights to him from a printed form. A.M.C. initialed beside each right to indicate he understood, and after being told to sign the form if he was willing to speak with the detectives, he signed the form.

¶5 Detectives then questioned A.M.C. about the shootings at the Raindance Apartments where two individuals were shot, one of whom died. A.M.C.'s interview was recorded, and no parent, attorney, or other adult representative was present during the less than sixty minute interrogation. A.M.C. initially denied being at the murder scene and having a gun, but ultimately admitted both possessing and firing a gun. He adamantly denied killing anyone. That same day he was booked into the Oklahoma County Jail under a probable cause affidavit listing the offense as First Degree Murder. On September 4, 2020, the District Attorney's Office filed a petition charging A.M.C. with Possession of a Firearm After Juvenile Adjudication; he was not charged with the murder.

1. Custodial Interrogation of A.M.C.

¶6 Citing 10A O.S.Supp.2018, § 2-2-301, A.M.C. argues the trial court should have suppressed his confession to possessing a firearm because he was a child when the police interrogated him outside of the presence of a parent, adult guardian or representative, or lawyer. Because A.M.C. objected at trial to the admission of his recorded interview, we review the court's ruling for an abuse of discretion. "An abuse of discretion is any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue", or "a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented." Neloms v. State, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170.

¶7 A.M.C.'s claim is based on the fact that at the time of the interrogation, he was not being arrested or detained for an offense mandating adult or youthful offender status; his arrest was for the probation violation. Nor had he yet been formally charged with any crime requiring adult or youthful offender status. The State counters that 10A O.S.Supp.2018, § 2-5-205(B) allows persons seventeen (17) years of age, charged with first degree murder, to be held accountable for their actions as adults. The statute further specifies that individuals so charged are not subject to the provisions of the Youthful Offender Act or the provisions of the Juvenile Code for certification as a juvenile. A.M.C. responds that because he was not formally charged with murder at the time he was interrogated, he was still a child and thus entitled to have an adult or lawyer present during questioning.

¶8 This claim hinges on the meaning of "charged" in Section 2-5-205(B), because if it means the filing of formal charges, then A.M.C. would be considered a child at the time of the questioning requiring the presence of a parent, guardian or adult representative, or lawyer pursuant to Section 2-2-301. We find the State's reading of Section 2-2-205(B), focusing on the offense under investigation and the subject of the interrogation, rather than on the offense of the official arrest or the status of formal charging, is the better one. Accordingly, we hold that the custodial interrogation of a seventeen (17) year old for the offense of murder in the first degree is not governed by Section 2-2-301, but rather by the requirements of Miranda and voluntariness under the Fourteenth Amendment, just as in any other adult custodial interrogation.[1]

¶9 There is no question that this interrogation was a homicide investigation. It was Oklahoma City Police Department homicide detectives who arrested A.M.C. on his outstanding warrant for a probation violation. They made clear from the very outset of the interrogation that they wished to question him about the Raindance Apartment murder, and the entirety of their questioning centered on this topic. There is no indication that they used the pretext of a homicide investigation to interrogate A.M.C. about offenses which would require the presence of an adult or lawyer during questioning, under Section 2-2-301. All evidence in the record points to the contrary, namely it showed that the detectives were focused on investigating the shooting and murder at the Raindance Apartments, that they acted in good faith, and that they ultimately booked A.M.C. into jail on a first degree murder complaint.

¶10 In criminal law, the term custodial interrogation most often refers to questioning, before the filing of charges, during the investigative stage by law enforcement. "By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U.S. 436, 444 (1966). Interpreting our juvenile statutes on custodial interrogation to apply only after formal charges are filed runs counter to common usage of that term. It would mean that no one under age 18 could ever be questioned without a parent, guardian, or lawyer, until after they had been charged by the district attorney, at which time the Sixth Amendment right to counsel would have attached and counsel appointed or retained. Taylor v. State, 2018 OK CR 6, ¶ 7, 419 P.3d 265, 268. We find further support for our interpretation as we observe that when the Legislature intends to reference the filing of formal charges in these statutes, it does so explicitly. See 10A O.S.Supp.2018 § 2-5-206(C) ("The district attorney may file a petition alleging the person to be a delinquent or may file an information against the accused person charging the person as a youthful offender."); § 2-5-206(D) ("Upon the filing of the information against such alleged youthful offender...."). Thus, had the Legislature intended to limit the term "charged" in Section 2-5-205(B) to include only formal charges, it would have stated so clearly and succinctly, rather than creating a tiered system allowing some under age 18 but not others to be questioned without an attorney or adult representative present.

¶11 For these reasons, we find that Judge Williams did not abuse her discretion in allowing A.M.C.'s confession under Section 2-5-205(B) that was made when he was seventeen (17) years old and being questioned in connection with a first degree murder, even though his initial arrest was for the unrelated warrant and the district attorney ultimately filed a lesser charge than first degree murder.

¶12 We find no error here and deny this claim.

2. Failure to Hold a Competency Hearing

¶13 A.M.C. argues that Judge Williams should have granted his request for a competency evaluation and stayed the proceedings pending the evaluation's outcome. In 2019, A.M.C. committed the crimes of attempted burglary and malicious injury and destruction of property as charged in Oklahoma County Case No. JDL-2019-298. A.M.C. underwent a competency evaluation in conjunction with that case. Judge Williams was the assigned judge in that case as well and, in her order finding A.M.C. competent to stand trial, she set forth, in detail, her reasons for finding A.M.C. competent. While she agreed that A.M.C. was in need of mental health services, she found that he was not mentally ill.

¶14 In this case, A.M.C. again requested a competency evaluation. Judge Williams denied the motion, finding that A.M.C.'s competency application presented no additional information since the resolution of his 2019 competency proceedings. Examining the statutory criteria for competency, Judge Williams found that: (1) A.M.C. was able to understand and appreciate the seriousness of the charges; (2) he could consult with an attorney and rationally and factually assist in his defense; and (3) he could understand and reasonably participate in the court proceedings. Hence, she concluded there was no legal basis to have A.M.C. evaluated a second time and no factual basis that warranted granting the application. Nothing in this record supports a finding that Judge Williams abused her discretion in denying A.M.C.'s competency motion. Neloms, 2012 OK CR 7, ¶ 35, 274 P.3d at 170. This claim is denied.

3. Sufficiency of the Evidence

¶15 A.M.C. argues that the State presented insufficient evidence to find him guilty of the charged offense and that the district court should have sustained his demurrer to the evidence. When the sufficiency of the evidence is challenged on appeal, we review the trial "evidence in the light most favorable to the State and will not disturb the verdict if any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." Newman v. State, 2020 OK CR 14, ¶ 8, 466 P.3d 574, 580.

¶16 A.M.C. argues that the only evidence supporting the claim that he was in possession of a firearm was his confession, which should have been suppressed. As noted above, there was no error in the use of A.M.C.'s confession. Our review of the evidence shows that, while circumstantial, the evidence at the scene and the events of the evening as described to police by others at the location, sufficiently corroborated A.M.C.'s confession to possession of a firearm. Because there was sufficient evidence at trial to support a finding that A.M.C. committed the charged offense, we find that the trial court properly overruled A.M.C.'s demurrer and that his adjudication is supported by sufficient evidence.

DECISION

¶17 The Order of the District Court of Oklahoma County adjudicating A.M.C. delinquent in Oklahoma County Case No. JDL-2020-387 is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2021), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT 
OF OKLAHOMA COUNTY
THE HONORABLE CASSANDRA M. WILLIAMS
SPECIAL JUDGE

 
 
 
 APPEARANCES AT TRIAL
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 LENORA F. BURDINE
 ASST. PUBLIC DEFENDER
 OKLAHOMA COUNTY
 5905 N. CLASSEN COURT,
 SUITE 204
 OKLAHOMA CITY, OK 73118
 COUNSEL FOR THE DEFENDANT
 
 
 LENORA F. BURDINE
 ASST. PUBLIC DEFENDER
 OKLAHOMA COUNTY
 5905 N. CLASSEN COURT,
 SUITE 204
 OKLAHOMA CITY, OK 73118
 COUNSEL FOR APPELLANT
 
 
 
 
  
 
 
  
 
 
 
 
 ASHTON BLACKBURN
 KATHERINE BAUTISTA
 ASST. DISTRICT ATTORNEYS
 OKLAHOMA COUNTY
 5905 N. CLASSEN COURT ,
 SUITE 301
 OKLAHOMA CITY, OK 73118
 COUNSEL FOR THE STATE
 
 
 ASHTON BLACKBURN
 KATHERINE BAUTISTA
 ASST. DISTRICT ATTORNEYS
 OKLAHOMA COUNTY
 5905 N. CLASSEN COURT,
 SUITE 301
 OKLAHOMA CITY, OK 73118
 COUNSEL FOR THE APPELLEE
 
 
 

 

OPINION BY: ROWLAND, V.P.J.
KUEHN, P.J.: Dissent
LUMPKIN, J.: Concur
LEWIS, J.: Dissent
HUDSON, J.: Concur

FOOTNOTES

[1] Our holding is consistent with the intent of the Legislature concerning custodial interrogation of older teenagers. Under Section 2-2-301(A), youthful offenders under sixteen and children are entitled to the presence of counsel or some adult representative during custodial interrogation. Custodial interrogation of a youthful offender over sixteen, however, need only conform with all the requirements for the interrogation of an adult. 10A O.S.Supp.2018, § 2-2-301(B).

 

 

KUEHN, P.J., DISSENTING:

¶1 Oklahoma criminal law recognizes three categories of persons: adults, children, and "youthful offenders."[1] The State may seek to treat a person under the age of 18 as an adult, or as a youthful offender, depending on his age and the nature of the crime with which he is charged. Importantly, once a child has been declared by a court to be either a youthful offender or an adult, he can no longer be considered a child in criminal proceedings.

¶2 This background information is necessary to understand the statute at issue in this case, 10A O.S.Supp.2018, § 2-2-301(A) and (B), which states:

A. No information gained by a custodial interrogation[2] of a youthful offender under sixteen (16) years of age or a child nor any evidence subsequently obtained as a result of such interrogation shall be admissible into evidence against the youthful offender or child unless the custodial interrogation about any alleged offense by any law enforcement officer or investigative agency...is done in the presence of the parents, guardian, attorney, adult relative, adult caretaker, or legal custodian of the youthful offender or child...

B. A custodial interrogation of a youthful offender over sixteen (16) years of age shall conform with all the requirements for the interrogation of an adult.

¶3 To comply with the statute, interrogators only need to know the current legal status of the person sitting in the room with them. It is that simple. No questions about why they are being interrogated, why they were arrested, what they could be charged with, or what warrants they have for certain crimes -- need ever be contemplated.

¶4 In this case, A.M.C., who had not been charged with a crime, was a child under Oklahoma law when detectives spoke with him. He had not been emancipated in a civil proceeding. Nor had he ever been adjudicated as either a youthful offender or as an adult. Nor had he been charged with any crime here which would have justified the State treating him as anything but a child. The Legislature makes it crystal clear that he was entitled to have someone (as defined by the statute) present in the room with him before questioning. The Majority goes through some incredible intellectual gymnastics to conclude that "charged" means "charged, or when police, in good faith, think the suspect will be charged." Ironically, A.M.C. was never charged with murder in this case.

¶5 The admission of A.M.C.'s incriminating statement was an abuse of discretion. I would reverse the finding of adjudication for the delinquent offense and remand for a new trial without the statement.

¶6 I am authorized to state that Judge Lewis joins in this separate writing.

FOOTNOTES

[1] 10A O.S.Supp.2017, § 2-1-103(6); 10A O.S.2011, § 2-5-202.

[2] The parties agree this was a custodial interrogation.

 

 

LEWIS, JUDGE, DISSENTING:

¶1 The Majority opinion obliterates the juvenile statute 10A, section 2-2-301(A), which provides protection for children by requiring law enforcement to have their parents present for questioning. The Court now simply requires only that said child be suspected of a crime which is in direct contradiction to the statute that says 15, 16, and 17 year-olds charged with murder are to be treated as adults. The Court has construed this statute in a manner contrary to legislative intent. I therefore dissent to the Majority opinion. The trial court abused its discretion by not suppressing Appellant's statement. In this case, the only evidence of A.M.C. possessing the firearm for which he was adjudicated is from A.M.C.'s confession to the detective. No confession; no case. As a juvenile per the statute, A.M.C. was due the protections afforded by the statute.

¶2 I am authorized to state that Presiding Judge Kuehn joins in this separate writing.

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2012 OK CR 7, 274 P.3d 161, NELOMS v. STATE
Discussed at Length
 2018 OK CR 6, 419 P.3d 265, TAYLOR v. STATE
Discussed
 2020 OK CR 14, 466 P.3d 574, NEWMAN v. STATE
Discussed
Title 10A. Children and Juvenile Code
 Cite
Name
Level

 10A O.S. 2-1-103, Definitions
Cited
 10A O.S. 2-2-301, Information Gained by Custodial Interrogation - Admissibility of Evidence - Appointment of Counsel and Guardian Ad Litem - Indigency
Discussed at Length
 10A O.S. 2-5-202, Definitions - Purpose
Cited
 10A O.S. 2-5-205, Youthful Offender Certification - Some Records Confidential, Sealed
Cited
 10A O.S. 2-5-206, Acts Creating Youthful Offender Status - Petition - Warrant - Preliminary Hearing - Certification Process - Sentencing - Some Records Confidential, Sealed
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA